LAND, J.
 

 Plaintiff owns real estate immediately south of the Texas & Pacific Railway Company’s station of Hanna, in Red River parish, and adjacent to the spur track and right of way of said company, and had constructed thereon a cotton gin, a grist mill, and a shingle mill, operated by machinery housed in a boiler room or power house.
 

 On the 28th day of October, 1924, at 12:20 a. m.', the boiler room or power house and its contents, the grist mill, and the shingle mill became ignited, and were completely destroyed by fire, and the ginhouse was damaged.
 

 Plaintiff charges that the fire was set out through the negligent burning of a lot of discarded railroad ties and wood, etc., collected between the house track and gin spur, and in close proximity to her property, and sues for the aggregate sum of $5,000, including $1,250 damages for loss in patronage caused to her.
 

 In the lower court plaintiff obtained judgment in her favor for damages in the sum of $1,525, and defendant railway company has appealed.
 

 At 11 o’clock on the day of the fire, the section foreman of defendant railway company at Hanna ordered some ties, posts, and rubbish burned in the space between the house track and spur track, and set a watchman at that point to keep the fire from spreading. The watchman remained at his post until 4:30 p. m., and at that time eight or ten gallons of water were poured on the fire, and, apparently, it was extinguished.
 

 The fire set out was within about 65 feet of the nearest building on plaintiff’s property. It was not until 12:20 a. m. that the shingle mill, the building nearest the railroad track, caught on fire at the ground. At the time there was no fire visible on the railroad track, and, aftér the buildings were burned, none could be discovered in the ashes where the ties had been consumed except by raking Into the coals, and some live coals were then found.
 

 The evidence in the case shows clearly that the fire from the cross-ties did not spread from the right of way to the buildings. The first sign of fire was discovered on the ground at the shingle mill. It appears that pieces
 
 *818
 
 of bagging or sacking were picked up while burning in the path of the fire from 'the shingle mill to the seedhouse near the shingle mill. We fail to find any proof that any fire originated in the shingles of any of the buildings.
 

 If we accept the theory that sparks were blown by the wind from the pile of burning ties on the right of way, it seems incredible that any sparks should have ignited the bagging or sacking near the buildings and should have remained dormant from 11 a. m. to 12:20 a. m.
 

 It also seems unreasonable to assume that any sparks were driven by the wind from the live coals beneath the heaps of ashes where the ties had burned. No fire was seen on the track from about 4:30 or 5 p. m. until after the buildings had caught on fire at 12:20 a. m., and it was not until after the fire was extinguished that live coals were found in the ashes on the track.
 

 Defendant company cannot be justly deprived of its property upon mere conjectures and theories as to the origin of the fire. It is the duty of plaintiff to establish, in addition to the loss of her property, some clear causal connection between the fires set out by defendant company on its right of way and the destruction of her buildings through the negligence imputed to defendant company in burning its ties.
 

 In our opinion, plaintiff has failed to prove the fire set out as the causa causans of her damage and loss.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that plaintiff’s demand be rejected, and that this suit be dismissed at her cost in both courts.
 

 O’NIELL, C. J., absent, takes no part.