FOURNET, Chief Justice.
This is an appeal by the plaintiff, T. C. P.earson, individually and as agent of certain other persons, from the judgment of the District Court rejecting his demands and dismissing his suit against the defendant, Louisiana & Arkansas Railway Company, to recover damages resulting from a fire on the morning of October 6, 1946, allegedly caused through the negligence of the defendant, which destroyed plaintiff's cotton gin plant and seed house,located at East Point, Louisiana, along with a quantity of baled cotton, as well as lint cotton stored on the premises and belonging to others.[1]
The record shows that the fire was discovered by an employee of the plaintiff, *837 who awakened and observed the glare shortly before 5 o’clock in the morning; that upon investigation the fire was found to be burning the under side of the northeast corner of the cotton loading platform on the railroad premises, which had been constructed by the defendant to facilitate loading of cotton bales into box cars on a spur track leading from the main line; and because of the freshly creosoted timbers of which this recent addition to the platform was constructed, and the fact that baled cotton was stacked on the platform, the fire fighters were unable to put out the blaze and it spread to the plaintiff’s gin, which was a building about 50 feet away, and resulted in the loss for which damages are sought.
The plaintiff’s claim is based on the alleged negligence of the defendant in permitting cut grass to remain for some weeks in a dried condition on the right-of-way, and in building the addition to the platform of highly inflammable material close to his plant. There were no eyewitnesses to the manner in which the fire started; the plaintiff’s theory, relying entirely on circumstantial evidence, is that an oil burning locomotive on Train No. 77, which passed through East Point at 11:18 p. m. on the previous night, emitted sparks or flame and set fire to the grass near the track; that the fire smouldered and, aided by the wind, burned a fire trail along a path covered with the dried grass, ultimately reaching th'e northeast corner of the .platform.
The defendant denied negligence, and.in ■ the alternative pleaded contributory negligence on the part of the plaintiff on the ground that the plaintiff, despite the conditions, had clogged his lot with inflammable material.
In a case such as this, the burden rests on the plaintiff to show, either by direct evidence or by such circumstantial evidence as would furnish a basis for reasonably necessary inference, (1) that the fire followed the passage of the train, and (2) that it was the consequence of some negligent act of commission or omission on the part of the defendant railroad. Dudley v. St. Louis, I. M. & S. R. Co., 133 La. 80, 62 So. 413; Coats v. Texas & P. R. Co., 168 La. 815, 123 So. 335; see, also, 22 Am. Juris., Verbo Fires, Sec. 75, p. 642. The question first presented .concerns the sufficiency of the evidence, circumstantial in nature, to show that the defendant’s train was the cause of the fire. While circumstantial evidence may atdimes fully justify the finding that the fire was started by a railroad’s engine, see Ellis v. New Orleans, G. N. R. Co., 169 La. 797, 126 So. 64; Walker Mercantile Co. v. Yazoo & M. V. R. Co., 152 La. 1052, 95 So. 219, in this case we are asked to infer, from the fact that a train passed on the main line some five and ' a half hours before the fire was found burning under.the platform, that it alone ■ could have caused the occurrence. No witness saw the train pass, nó one saw any Evidence that a fire -was in progress. '..The *839 record contains the testimony of the engineer on a train which passed an hour later (this second train was powered by a Diesel engine and there is no claim that it could have caused the fire) to the effect that he was maintaining a lookout from the side of his cab giving a view of the platform, and he saw no indication of a fire. In this he is corroborated by a section gang employee who, returning home at about 1:00 a. m., crossed the tracks at a switch opposite the north end of the platform. Inferences must be reasonably drawn from and supported by the facts on which they purport to rest, and may not be the result of mere surmise and conjecture. Givens v. Yazoo & M. V. R. Co., 176 La. 796, 146 So. 751; Coats v. Texas & P. R. Co., supra; Dudley v. St. Louis, I. M. & S. R. Co., supra; Kentwood Lumber Co. v. Illinois Cent. R. Co., 5 Cir., 65 F.2d 663; III Elliott on Railroads, 3rd Ed. (1921), Sec. 1767, p. 798 et seq.
According to the evidence in the record, the plaintiff has failed to carry the burden of showing that the fire followed the passage of the train. All the cases he relies on to support his theory contain facts showing that the train in question had just passed the location where the fire occurred.
In the alternative, the plaintiff pleaded res ipsa loquitur, and argues that this Court has impliedly recognized the applicability of that doctrine to cases such as this. Suffice to say that under the facts here presented we find that this doctrine cannot possibly have any application.
For the reasons assigned, the judgment appealed from is affirmed.

. The plaintiff seeks judgment for himself in the sum of $36,993.42; and as agent and attorney in fact for the following per- , sons, in the amounts indicated: B. B. Box, Sr., $1,184.00; H. D. Poster, $493.-95; L. M. Gilbert, $355.20; Guy Saucier, $405.15; R. R. Madden, $173.90; Manuel Gardner, $192.40; Buck Anthony, $379.-25; Win. McLelland, Sr., $4,230.40; Wm. McLelland, Jr., $1,621.87.