210 So.2d 566 (1968)
TERRE HAUTE PLANTATION, INC.
v.
LOUISIANA & ARKANSAS RAILWAY COMPANY.
No. 2983.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1968.
Rehearing Denied June 10, 1968.
Favret & Favret, Clarence F. Favret, Sr., New Orleans, for plaintiff-appellee.
Milling, Saal, Saunders, Benson & Woodward F. Frank Fontenot, New Orleans, for defendant-appellant.
*567 Before REGAN, YARRUT and HALL, JJ.
HALL, Judge.
Plaintiff brought this suit on October 7, 1965 against The Kansas City Southern Railway Company seeking recovery of damages sustained by plaintiff to its sugar cane crop as the result of a fire. By amendment to its petition plaintiff dismissed its suit against The Kansas City Southern Railway Company and substituted Louisiana & Arkansas Railway Company therefor as the sole defendant in the case. Following trial on the merits judgment was rendered in plaintiff's favor and against Louisiana & Arkansas Railway Company in the sum of $2,752.00 together with interest and costs. Defendant appealed. Plaintiff answered the appeal praying that the award of damages in its favor be increased to $3,331.07.
The record reveals that plaintiff was the owner of a sugar cane crop growing on both sides of, and adjacent to, defendant railroad's right of way near Reserve in St. John the Baptist Parish. The right of way and the adjacent cane fields are located between the Mississippi River and the Airline Highway. The right of way extends through plaintiff's cane fields in an east-west direction.
The fire which caused the damage to plaintiff's sugar cane crop commenced sometime prior to 12:45 P.M. on October 20, 1964 and occurred approximately 1000 feet east of defendant's Reserve station or depot. The cane crop on both sides of the railroad right of way was damaged by the fire, but since there was a strong wind blowing from the north-northwest, most of the damage was on the south or river side of the right of way.
The Trial Judge assigned written reasons for judgment in which he first discussed the testimony relative to where the fire started and found as a fact that the fire originated on defendant's right of way. He then stated:
"During the hours before the fire was discovered in the cane fields a section gang of defendant had been working in the vicinity; no persons were placed in the immediate area of the fire before it was discovered.
"In Lemann [Co.] v. T. & P. Ry. Co., 128 La. 1089, 55 So. 684, it was said: `It is laid down as a rule that evidence the fire started up (1) immediately or very soon after the passing of the train, (2) that there was no fire on the premises before and (3) that there was no apparent cause for the fire is sufficient to warrant an inference of fact that the fire was emitted from the railway company's passing engine.'
"This Court has already found as a fact that the fire originated on defendant's right of way. This Court now finds that circumstantial evidence sufficiently furnishes a basis for necessary inference that the fire was started by the section gang and negligently allowed to escape the right of way and burn into plaintiff's fields." (Emphasis supplied.)
Defendant-appellant contends that the Trial Court erred:
1) In finding that the fire in question originated on defendant's right of way.
2) In finding that defendant's section gang had been working in the vicinity of the fire before it was discovered, and
3) In finding that the fire was started by defendant's section gang and in further finding that the fire was negligently allowed to escape beyond the right of way and into the plaintiff's cane fields.
While we find no manifest error in the Trial Judge's determination that the fire originated on defendant's right of way, we are unable to agree with his finding that "a section gang of the defendant had been working in the vicinity during the hours before the fire was discovered." The record conclusively shows that defendant's section gang had been working a *568 "mile and few pole" west of Reserve depot all morning of the day of the fire and were just finishing lunch alongside their work when summoned by Mr. Martin, defendant's roadmaster, to help put the fire out. The fire occurred 1000 feet east of Reserve depot and the section gang had not been near that vicinity all that day. The record contains no testimony whatever to the contrary. Furthermore there is no testimony in the record showing that any trains had passed that day prior to the fire and no testimony that any person connected with the railroad had been near the location where the fire originated at any time that day prior to the commencement of the fire. After the fire was discovered the section gang was brought to the scene and assisted in putting it out.
We find no "circumstantial evidence" which would furnish a basis for an inference that the fire was occasioned by any negligence on the part of the railroad or any of its employees.
"Inferences must be reasonably drawn from and supported by the facts on which they purport to rest, and may not be the result of more surmise and conjecture." Pearson v. Louisiana & Arkansas Railway Company, 226 La. 834, 77 So.2d 411.
As a matter of fact plaintiff takes the position that there was no need for it to establish negligence on the part of the railroad; that in order to recover all that has to be shown is that a fire started on defendant's right of way. Plaintiff argues that it is entitled to dispense with the necessity of establishing negligence, first, because it is entitled to rely on the doctrine of res ipsa loquitur, and, secondly, because the railroad is liable under the doctrine of "sic utere tuo, ut alienum non laedas" as enunciated in Civil Code Article 667 (LSA-C.C. Art. 667).
The doctrine of res ipsa loquitur is not applicable under the circumstances of this case. The mere fact that the fire started on the right of way gives rise to no inference of negligence on the part of the railroad. The fire might have been caused in any number of ways. Anyone, a hunter, a hobo, even one of plaintiff's own employees, might have gone upon the right of way and carelessly dropped a lighted match or cigarette. Proof that the fire which caused the damage originated on defendant's property is in itself not sufficient to allow recovery of damages; plaintiff must also prove directly or by reasonable implication that the fire originated as a result of some negligent act or ommission on the part of defendant. (See Pearson v. Louisiana & Arkansas Railway Company, 226 La. 834, 77 So.2d 411; Givens v. Yazoo & M.V.R. Co., 176 La. 796, 146 So. 751; Dudley v. St. Louis, I. M. & S. Ry. Co., 133 La. 80, 62 So. 413.)
Plaintiff relies primarily on the "liability without fault" imposed on property owners by Civil Code Article 667 (LSA-C.C. Art. 667), and the jurisprudence established thereunder.
This article reads as follows:
"Art. 667. Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him." (Emphasis supplied.)
The short answer to plaintiff's contention is that this article has application only where the proprietor is carrying on some activity on his property which causes damage to his neighbor. The article has no application to the circumstances of this case. To hold otherwise would cast liability on every landowner on whose property a fire is commenced and spread to neighboring lands even though the cause or origin of the fire was due to the act of trespassers, vandals, lightning or unknown sources not attributable to any conduct or activity on the part of the landowner.
*569 For the foregoing reasons the judgment appealed from is reversed and plaintiff's suit is dismissed at his cost; costs of this appeal to be borne by plaintiff.
Reversed and rendered.