762 F.2d 1245
 18 Fed. R. Evid. Serv. 411
 Judy PREGEANT, Individually and as the Administratrix of the
Estate of Susan Savoie, Ruth Toups, Janice
Martinez, Bernice P. Savoie and Antoine
R. Savoie, Plaintiff-Appellee,
v.
PAN AMERICAN WORLD AIRWAYS, INC., Defendant-Appellant.
 No. 84-3136.
 United States Court of Appeals,
Fifth Circuit.
 June 17, 1985.
 
 Deutsch, Kerrigan & Stiles, Francis G. Weller, New Orleans, La., for defendant-appellant.
 Klein & Rouse, Henry L. Klein, New Orleans, La., Randall R. Moore, Alice C. Oppenheim, Dallas, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before GOLDBERG, POLITZ and WILLIAMS, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 Plaintiffs are the surviving parents and the estate of Susan Savoie, a 35-year-old single, former flight attendant aboard the ill-fated Pan American Flight 759 which crashed on take-off from Moisant International Airport on July 9, 1982. In a trial presided over by then magistrate, now district judge Marcel Livaudais, the jury returned a verdict in favor of each parent for $150,000 and awarded $16,000 for pre-impact mental anguish and $20,000 for post-impact suffering.
 
 
 2
 Defendants appeal, contending that: (1) Louisiana law does not allow recovery for pre-impact injury; (2) $150,000 per parent is excessive; (3) the magistrate erred in certain evidentiary rulings; and (4) there is no evidence to support an award for post-impact suffering.
 
 
 3
 The first two issues have been addressed and resolved dispositively by the intervening decision of this court in Haley v. Pan American World Airways, 746 F.2d 311 (5th Cir.1984). As Haley recognized and held, Louisiana does permit recovery for the pre-impact fear reasonably experienced by passengers aboard Flight 759. 746 F.2d at 315. Further, an award of $150,000 per parent is not excessive under Louisiana law. 746 F.2d at 319. Accordingly, there remain for our consideration only the evidentiary rulings and post-impact damages issues.
 
 Evidentiary Rulings
 
 4
 Before considering the evidentiary matters raised by appellants, we first address a threshold issue raised in brief and in oral argument. Appellants contend that prior to referring the case to the magistrate for a consensual trial by a jury picked by Judge Adrian Duplantier, Judge Duplantier made several evidentiary rulings, particularly as related to the testimony of an expert witness, Dr. Chester Scrignar. Appellants advance the argument that these evidentiary rulings were binding on the magistrate but were not followed by him. We find no record support for this contention.
 
 
 5
 The order of January 3, 1984 referring this case to the magistrate for trial pursuant to 28 U.S.C. Sec. 636(a), reflects an unconditional agreement that all further proceedings, including trial before jury and entry of final judgment, would be before the magistrate. We find no order, ruling or stipulation expressly stating or implicitly inferring that the magistrate was bound by any prior evidentiary rulings of Judge Duplantier. Therefore, the evidentiary rulings complained of are not inconsistent with the order or methodology of referral and must be reviewed by us, as applicable, under the usual error or abuse of discretion standard. Jon-T Chemicals, Inc. v. Freeport Chemical Co., 704 F.2d 1412 (5th Cir.1983).
 
 
 6
 Plaintiffs offered the testimony of Dr. Scrignar, a psychiatrist, on the issue of pre-impact mental suffering. Dr. Scrignar testified on the physiological effects of stress and described five levels of anxiety leading to panic. He referred to general fear of flying, poor weather conditions that fateful day, and cockpit conversations the passengers could not have heard. In addition, he used a stopwatch to dramatize the final 20 seconds before the crash in which the 137 passengers and 7 crew members were killed. Appellants charge that this evidence was prejudicial and irrelevant and that its admission constituted reversible error.
 
 
 7
 Any error in the admission of evidence will be disregarded unless the admission affects substantial rights of the complaining party. Fed.R.Civ.P. 61. Johnson v. American Airlines, Inc., 745 F.2d 988 (5th Cir.1984); Webster v. M/V Moolchand, Sethia Liners, Ltd., 730 F.2d 1035 (5th Cir.1984); Carter v. Massey-Ferguson, Inc., 716 F.2d 344 (5th Cir.1983). The complaining party bears the burden of demonstrating adverse effect. Crumpton v. Confederation Life Ins. Co., 672 F.2d 1248 (5th Cir.1982). To preserve a claim of error for appellate review there must be a timely objection or motion to strike, expressly stating the asserted grounds of inadmissibility. Fed.R.Evid. 103(a)(1); United States v. Blackshear, 568 F.2d 1120 (5th Cir.1978). Appellants' motion to strike, made at the close of Dr. Scrignar's testimony, claimed that the reference to the weather and the use of the stopwatch were prejudicial, Fed.R.Evid. 403, and that the reference to the cockpit conversations was irrelevant to the question of Susan Savoie's mental state, Fed.R.Evid. 401, 402.[1]
 
 
 8
 The contention that the magistrate committed reversible error by refusing to strike the weather references and by failing to abort the stopwatch demonstration notwithstanding appellants' timely claim of Rule 403 prejudice, is not persuasive. In making the probative value/unfair prejudice evaluation, the trial court is accorded wide discretion. Ford v. Sharp, 758 F.2d 1018, 1022-23 (5th Cir.1985); Shipp v. General Motors Corp., 750 F.2d 418 (5th Cir.1985). See generally, 22 Wright & Miller, Federal Practice and Procedure Sec. 5214, pp. 263-64.[2] We perceive no abuse of that discretion in these two rulings.
 
 
 9
 The cockpit conversations are a different matter. It is undisputed that the passengers could not hear those exchanges. They were therefore not relevant to the mental state of the passengers and thus were not relevant to the quantum inquiry posed to the jury. This evidence should not have been admitted. Fed.R.Evid. 401, 402. The magistrate erred, but that judicial misstep rises to the level of reversible error only upon a showing that a substantial right was affected. Fed.R.Evid. 103(a). Our review of the record convinces us that if this error had any effect, it reasonably had no more than a slight effect on the verdict. The error was, accordingly, harmless. As we observed in United States v. Underwood, 588 F.2d 1073, 1076 (5th Cir.1979): "An error is harmless if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict."
 
 
 10
 The record contains ample evidence upon which the jury could base a finding of pre-impact mental suffering for at least a portion of the last 20 seconds before impact. Defendant's expert conceded that when the left wing of the plane struck a tree at an altitude of 53 feet and rolled to the left, the passengers "certainly would have been thrown about and fighting for their lives and experienc[ing] a whole different situation." It is only reasonable to assume that at this point they despaired of their lives, realizing that death was imminent. In addition, the jury was aware that Susan Savoie was a former flight attendant. Such an experienced flier would be expected to detect danger sooner than the average passenger. To an experienced flier, a quick, unexplained descent on take-off can be nothing less than a panic-inducing event. From the foregoing, and the rest of the record, this court is sufficiently certain that the error committed did not influence the jury or had, at worst, only a very slight effect. Id.
 
 
 11
 Appellants urge several other alleged evidentiary infractions.[3] We find them without merit. The trial court is accorded broad discretion in evidentiary matters and no ruling, other than that involving the cockpit conversations, rises to the level of an error or an abuse of that discretion.[4]
 
 Post-Impact Pain and Suffering
 
 12
 An award of post-impact pain and suffering requires proof that the decedent was conscious, albeit only briefly, following the injury. Haley v. Pan American World Airways, supra; McDaniel v. Welsh, 234 So.2d 833 (La.App.1970). That proof may be inferred[5] but there must be evidence that the decedent experienced a period of conscious pain and suffering. Chausse v. Southland Corp., 400 So.2d 1199 (La.App.1981); Blanchard v. Rodrigue, 340 So.2d 1001 (La.App.1976).
 
 
 13
 According to the expert testimony, dismemberment and impact injury were the two principal causes of death of the 144 victims. Susan Savoie was not dismembered. She had third-degree burns over 95% of her body. She had apparently assumed the "brace" position as the plane descended. Dr. Alviro T. Hunt, a pathologist called by appellants, testified that in his opinion all died as the result of impact injury. Dr. Hunt further opined that everyone aboard would have lost consciousness and died within two-to-three seconds following impact. The impact period, as we perceive Dr. Hunt's testimony, was at least two-to-three seconds plus the time it took for the aircraft to travel approximately 400 feet during its disintegration.
 
 
 14
 That there is no direct evidence of conscious pain and suffering by Susan Savoie does not end our inquiry. In a catastrophe of these proportions, none reasonably may be expected. We must instead inquire whether there was evidence from which the jury reasonably could infer that Susan Savoie experienced post-impact pain and suffering, however fleeting. We find that there was. She was not dismembered. Her body was severely burned and was found in the braced position flight attendants are trained to assume and to have the passengers assume prior to a crash. The impact and disintegration of the aircraft extended over several seconds before the aircraft and its human contents came to rest. From this we cannot say that it was unreasonable for the jury to infer that Susan Savoie was conscious after impact and before her death, suffering during that period from either or both impact injuries and the exquisite pain of massive burns. Accordingly, we are not prepared to say that the jury erred in awarding $20,000 for post-impact pain and suffering.
 
 
 15
 The judgment is, in all respects, AFFIRMED.
 
 
 
 [1]
 The references to general fear of flying were the subject of a curative jury instruction
 
 
 [2]
 The weather references conceivably might have aided appellants' case. Stress associated with poor weather or a general fear of flying would not have been the responsibility of Pan Am. The jury was instructed to disregard fear of flying, and the magistrate limited Dr. Scrignar's use of the stopwatch to the final 20 seconds of the flight, stating: "He has testified that up until the plane got as high as it was, the stress levels were 3, in his opinion, and when the plane started going down in these last 20 seconds, changes occurred. Let's just start the 20 seconds." The jury was guided to decide the issue of pre-impact mental suffering considering only what occurred in the final 20 seconds of the flight. Finally, we cannot but note that while plaintiffs' counsel urged the jury to return an award of $50,000 to $75,000 for pre-impact mental suffering, the jury awarded $16,000
 
 
 [3]
 These include the mother's reference to the father's deteriorating health, the father's reference to his visits to the cemetery, the son-in-law's reference to the recovery of decedent's body, and the admission of numerous photographs showing decedent with members of the family not entitled to recover in this action
 
 
 [4]
 The use of a portion of the father's videotaped testimony during plaintiff's closing argument is also offered as a ground for reversal. Improper closing argument may be the basis for reversal only when it introduces extraneous matter which has a reasonable probability of influencing the jury. See, e.g., Lambert v. Midwest City Mem. Hosp. Auth., 671 F.2d 372 (10th Cir.1982). Reference to evidence before the jury cannot constitute an introduction of extraneous matter
 
 
 [5]
 A jury may not rest its verdict on mere speculation or conjecture. Bridges v. Groendyke Transport, Inc., 553 F.2d 877 (5th Cir.1977). But a jury may make reasonable inferences from the evidence. Epoch Producing Corporation v. Killiam Shows, Inc., 522 F.2d 737 (2d Cir.1975). We are bound, on appeal, to view the evidence and all reasonable inferences therefrom in the light most favorable to the jury's determination. Haley, 746 F.2d at 317. Inferences may constitute sufficient proof, overcoming at times, direct contrary testimony. Rutherford v. American Bank of Commerce, 565 F.2d 1162 (10th Cir.1977). Louisiana accords like standing to reasonable jury inferences. See Pearson v. Louisiana & Arkansas Railway Company, 226 La. 834, 77 So.2d 411 (La.1954); Jones v. Mason, 234 La. 116, 99 So.2d 46 (La.1958); and Jennings v. Allstate Insurance Company, 273 So.2d 534 (La.App.1973)