499 So.2d 656 (1986)
Leon LEWIS, et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE, et al., Defendants-Appellees.
No. 86-30.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
Rehearing Denied January 14, 1987.
Victor Sooter, of Sooter and Foote, Alexandria, for plaintiff-appellant.
Gist, Methvin, Dewitt T. Methvin, Jr., Larry Stewart, Stafford, Stewart and Potter, Alexandria, for defendant-appellee.
Before GUIDRY, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
Plaintiffs instituted this suit against Patsy F. Clark, her insurer, State Farm Mutual Automobile Insurance Company, James Cutts, Sr., as the father of Ferrell Cutts, and Jerry Brown, for personal injury damages arising out of an automobile collision.
The accident in question occurred on January 4, 1984 on Louisiana Highway 121 in Rapides Parish, Louisiana. Plaintiff, Linda Marie Lewis, was operating her vehicle in a northerly direction. The other vehicle involved in this automobile accident was being driven by Patsy Clark in a southerly direction. The record reflects that Linda Lewis swerved into the left lane and collided with the vehicle being driven by Mrs. Clark. The record further shows the presence of three-wheelers in the immediate vicinity of the accident. The testimony of the witnesses is uncontradicted that the three-wheelers were traveling in a southerly direction.
No appearance was made on behalf of James Cutts, Sr. and no default was entered against him. This matter was tried before a jury on September 17 and 18, 1985, and at the close of the evidence, motions for directed verdict were made on behalf of Patsy Clark, State Farm Mutual Automobile Insurance Company, and Jerry Brown. The court granted the motions for directed verdict for the oral reasons assigned. Judgment in accordance therewith was signed on September 18, 1985.
*657 This is an appeal from a trial court judgment which granted Defendants' motions for directed verdict. The sole issue of the plaintiffs' appeal is whether the trial judge erred in granting the motions for directed verdict.
LSA-C.C.P. art. 1810, paragraph A, permits a directed verdict in jury cases. The statute provides as follows:
"A. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the Court granting a motion for a directed verdict is effective without any assent of the jury."
While LSA-C.C.P. art. 1810 provides the rule regarding directed verdicts, the standard of proof by which the trial judge is to use in deciding whether a motion for a directed verdict should be granted was not set forth in the statute. This court, in the case of Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979), quoting from Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969), set forth the standard as follows:
"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
This standard has been approved by the Supreme Court in the case of Breithaupt v. Sellers, 390 So.2d 870 (La.1980). More recently, the Third Circuit has confirmed the Campbell, supra, standard in Theriot v. St. Martin Parish School Bd., 434 So.2d 668 (La.App. 3rd Cir.1983).
In granting Mrs. Clark's, her insurer's, and Mr. Brown's motion for a directed verdict, the trial judge gave reasons for judgment. The court stated: "Very frankly the court did not see how reasonable men could find negligence in this case on the part of any defendant."
In reference to Mrs. Clark, the court added:
"The accident was instantaneous as far as the defendant, Mrs. Clark, was concerned, she had no prior warning that someone was going to be in her lane of traffic. There is nothing that she could have done to avoid the accident. There is no evasive action she could have taken, there was no time to take any evasive action, I mean, the evidenceif the evidence is clear about anything, it is clear about that, that Mrs. Clark is not guilty of any negligence that in any way contributed to the accident."
As to defendant, Mrs. Clark, we agree with the trial court. Mrs. Clark had no prior warning that someone was going to be in her lane of traffic. An independent eyewitness, who was traveling in a southerly direction behind the Clark vehicle, Denise Powell, testified that the car coming from the opposite direction "jerked over and hit her head on" and when asked whether the Lewis vehicle invaded the southbound lane of travel slowly, or did it come straight across, she answered, "It come straight across." Thus, it is obvious that Mrs. Clark was unaware of any of the events leading up to the point of impact. Because she had no prior warning that someone was going to be in her lane of traffic, there is nothing that she could have done to avoid the accident.
*658 After considering all of the foregoing evidence and viewing it in a light and with all reasonable inferences in favor of plaintiffs, we are of the opinion that the facts and inferences point so strongly in favor of Mrs. Clark, that reasonable and fairminded persons could not arrive at a contrary conclusion. Under these circumstances, it is clear that the trial judge did not err in granting the directed verdict to Mrs. Clark and her insurer State Farm Mutual Automobile Insurance Company. Accordingly, we affirm the portion of the judgment which reflects same.
While we agree that the directed verdict in favor of Mrs. Clark and her insurer, State Farm Mutual Automobile Insurance Company was properly granted by the trial court, we do not agree that the directed verdict in favor of Jerry Brown was properly granted. Both drivers of the automobiles involved in this accident testified (as did Mr. Lewis) that the three-wheelers had been operating on the roadway surface in a southerly direction in the northbound lane. The testimony of Linda Lewis reveals that she was blinded by oncoming lights in her own lane of travel. The testimony of Leon Lewis revealed that the two three-wheelers, traveling side by side and giving the appearance of a single set of headlights, were traveling toward the Lewis vehicle in the Lewis lane of travel. Furthermore, Mrs. Clark testified that as she turned right onto Louisiana Highway 121, she saw three-wheelers pull up on the pavement and travel in a southerly direction in the northbound lane.
All of the above evidence clearly reveals the possibility that defendant, Jerry Brown, acted in a negligent manner. The trial court apparently felt that the above evidence was of no weight and stated that "the great preponderance of the evidence is that Mr. Brown was driving his three-wheeler in the ditch." This court in Theriot v. St. Martin Parish School Bd., supra, citing Campbell v. Mouton, supra, stated:
"If there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
Based on the above, we conclude that the evidence in this case which, when viewed in a light most favorable to the plaintiffs, is of such weight and quality that reasonable and fairminded persons, in the exercise of impartial judgment, might reach different conclusions. Under these circumstances, the motion for a directed verdict filed by defendant, Brown, should have been denied and the trial court clearly erred when it failed to do so.
Ordinarily, where the trial record is complete, the practice has been for the appellate court to decide the case rather than remand for retrial because of legal errors committed at the trial level. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). However, in instances where the weight of the evidence is so nearly equal or where a view of the witnesses is essential to a fair resolution of the conflicting evidence, the case should be remanded for a new trial. Ragas v. Argonaut Southwest Insurance Co., et al, 388 So.2d 707 (La.1980). We conclude that the instant case, as to the issue of negligence on the part of Jerry Brown, falls in the latter category. We will render judgment accordingly.

DECREE
For the reasons assigned, the portion of the trial court judgment granting the motion for a directed verdict in favor of defendant, Brown, is reversed and set aside. The portion of the trial court judgment granting the motion for a directed verdict in favor of defendant, Clark, and State Farm, is affirmed. The suit is remanded for a new trial in accordance with law and the views expressed herein.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.