DOUCET, Judge.
This is a subrogation suit instituted by the plaintiff, Royal Insurance Company, to recover sums of money it paid to three of its insureds as a result of a fire which occurred in Bunkie, Louisiana on February 3, 1985. Made defendants in the suit are Le Theatre de Bon Temps, Inc. and its insurer, Fireman’s Fund Insurance Company.
It was undisputed at trial that the fire had originated within the theater building owned by defendant, Le Theatre de Bon Temps, Inc., and then spread to the adjacent buildings which were the places of business of plaintiff’s insureds. It was stipulated that as a direct result of the fire, plaintiff’s insureds were damaged. Additionally, it was stipulated that plaintiff paid its insureds, Mulhearn Furniture, Brown’s Furniture Company, and Micar, Inc., a total of $598,072.82 for the damages.
Plaintiff alleges that the fire was caused by a defect in the electrical wiring of the theater building. Plaintiff further asserts that, under Articles 2317 and 2322 of the Louisiana Civil Code, the defendants are liable in solido to the plaintiff, through subrogation, for the sums paid by plaintiff to its insureds as a result of the fire.
Trial of the case was begun before a jury. At the close of plaintiffs case, the trial judge granted the defendants’ motion for a directed verdict and dismissed the case. From this dismissal, plaintiff perfected the present appeal. The sole issue posed on appeal is whether the trial court erred in granting the defendant’s motion for a directed verdict.
STANDARD FOR DIRECTED VERDICTS
LSA-C.C.P. art. 1810 permits a directed verdict in jury cases. The statute provides as follows:
“A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the Court granting a motion for a directed verdict is effective without any assent of the jury.”
While LSA-C.C.P. art. 1810 provides the rule regarding directed verdicts, the standard of proof which the trial judge is to use in deciding whether a motion for a directed verdict should be granted is not set forth in the statute. This court, in the case of Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979), quoting from Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969), set forth the standard as follows:
“On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.”
This standard has been approved by the Supreme Court in the case of Breithaupt v. Sellers, 390 So.2d 870 (La.1980). More *374 recently, the Third Circuit has confirmed the Campbell, supra, standard in Lewis v. State Farm Mutual Automobile Insurance, 499 So.2d 656 (La.App. 3rd Cir.1986).
SUFFICIENCY OF THE PLAINTIFF’S EVIDENCE
With the above quoted standard in mind, we must now consider whether the result reached by the trial judge was correct. This court is in a position to make such a determination because we have a complete record of the plaintiff’s evidence before us and because evaluations of credibility have no place in a decision on a motion for a directed verdict. Making credibility evaluations is one of the primary duties of a jury and the trial court may not take this duty from the jury unless the party opposing the directed verdict has failed to produce sufficient evidence upon which reasonable and fair-minded persons could disagree. Campbell, supra.
The trial judge stated in his reasons for judgment that “I see no credibility issue as such. I see weight issues, with respect to opinions, but I do not consider that as credibility.” Thus, it is clear he did not base his decision on thé credibility of plaintiff’s witnesses. Rather, the trial judge, in dismissing plaintiff’s case, obviously concluded that the plaintiff failed to present evidence of such quality and weight that reasonable and fair-minded men might conclude that a defect in the wiring of the theater building caused the fire. We find that this conclusion is supported by the record.
A reading of the record in the light most favorable to the plaintiff reflects the following: The theater building was rewired and brought up to electrical safety code standards three or four years before the fire occurred. The front door of the theater was found to be unlocked when firemen arrived to battle the fire. There was another large fire on the same morning several blocks from the theater fire. An anonymous note was found on a car belonging to the Mayor of Bunkie stating that both fires were caused by arson. The plaintiff's expert only examined the area of the fire one time. The expert never went onto the premises of the theater building. The expert never examined any of the wiring of the theater building. Some of the rubble was pushed back into the theater building before the expert viewed the site and this impaired the view of the building. There was no evidence of any electrical problems in the building prior to the fire. The plaintiff’s expert stated there was no evidence that the fire was caused by any source other than electricity. When questioned about possible examinations of electrical wiring in the theater building, the expert stated that all he could deal with in regard to the theater were “hypothetical” examples or possibilities. The expert stated that in his opinion, an electrical defect was the most probable cause of the fire.
The Louisiana Supreme Court in Pearson v. Louisiana & Arkansas Railway Company, 226 La. 834, 77 So.2d 411 (1954), stated, with regard to inferences based on circumstantial evidence, that “Inferences must be reasonably drawn from and supported by the facts on which they purport to rest, and may not be the result of mere surmise and conjecture.”
The opinion of the plaintiff’s expert in this case is nothing more than an inference based on the facts of the case. This inference is not reasonably drawn from and supported by the facts on which it purports to rest. Although there was no substantial evidence that anything other than an electrical defect caused the fire in the theater building, there was also no such evidence that an electrical defect caused the fire. In short, there was no substantial evidence of what caused the fire. Further, plaintiff’s expert never went onto the premises of the theater building and never examined any of the wiring of the building. It must be concluded from these facts that the expert’s opinion was based on mere surmise and conjecture and that it left unanswered the question of what caused the fire in the theater building.
The trial judge, in his reasons for judgment, stated that “... I do not feel that there was substantial evidence of arson. I do not feel that there was substantial evidence of a trespasser involved in the fire. *375 I do not feel that there was substantial evidence of outside wires causing the fire. I do not feel there was substantial evidence of electricity causing the fire. I don’t feel that there was substantial [evidence] of what caused the fire. It is very significant, very important that there was no testimony of any kind of electrical problem in that building at all prior to this fire.”
Except for the opinion of the plaintiffs expert witness that an electrical defect was the most probable cause of the fire, plaintiff presented no evidence of what caused the fire other than the absence of evidence of other possible causes. This opinion is simply conjecture on the part of this witness and as such it has very little probative value.
The facts and inferences of this case point so strongly and overwhelmingly in favor of the defendants that the trial court obviously believed that reasonable men could not arrive at a contrary verdict. For this reason the trial court granted the defendants’ motion for a directed verdict and dismissed the case.
Based on the record, we can find no manifest error on the part of the district court. Accordingly, the decision of the district court is affirmed.
AFFIRMED.