LOBRANO, Judge.
Plaintiffs Enez Duvernay Watson (Watson) and Inez P. Duvernay (Duvernay) appeal the dismissal of their suit against John Beal (Beal) and his insurer, Vanguard Underwriters Insurance Company (Vanguard), on a motion for summary judgment.
On September 1, 1985, a fire started in a residential area of New Orleans in a wooden shed owned by Beal. At the time of the fire, Beal was leasing the shed and the property on which it was located to defendants Robert and Debra Coward. The fire was apparently started by the Coward’s six year old son and one of his neighborhood friends, who were playing with matches in or near the shed. The fire spread, causing extensive damage to adjacent residences, including those of Watson and Duvernay.
On August 25, 1986, Watson and Duver-nay filed suit against Beal, the Cowards, and the City of New Orleans, seeking recovery for property damage. Plaintiffs alleged that Beal allowed lessees to store an old cotton mattress in the shed, thereby creating an unreasonably dangerous (i.e. defective) condition. Alternatively, plaintiffs assert that Beal was liable under the obligation of vicinage imposed by Civil Code Article 667.
Beal and his insurer, Vanguard, filed a motion for summary judgment on the question of liability. The motion was granted. Plaintiffs now appeal the dismissal of their suit against Beal and Vanguard arguing that the trial court should have permitted the issue of liability to be tried on the merits. Our review of the pleadings and supporting evidence in the record convinces us that the trial judge was correct.
Plaintiffs argue that there are two unresolved issues of material fact, and assert two theories of recovery. First, they state that the cause and origin of the fire remains unsolved, and second they claim that the court should determine after trial on the merits, whether the mattress stored in the shed is a defective thing. Their theories of liability are predicated on Articles 2317 and 667.
Assuming as true plaintiffs’ assertions that the fire was caused by the minor children playing in the wooden shed where the mattress was stored, we find no legal basis to support plaintiffs’ claims.
First, Article 2317 requires that an allegedly defective thing must be in the care or custody of the defendant. Loescher v. Parr, 324 So.2d 441 (La.1975). In Lemon v. Fein, 467 So.2d 548 (La.App. 4th Cir. 1985), writ denied 472 So.2d 594 (La.1985), we noted:
“Without getting into a lengthy dissertation as to the applicability of this article to fire cases within the Loescher, supra, context, suffice it to say that Article 2317 does not apply in the instant case because there is ample proof that appellant had leased his premises and therefore did not have the required custody to make him responsible.” (emphasis added)
In brief, plaintiffs essentially admit that Beal did not have the required custody when they state that Beal “knew or should have known that his lessees had stored the highly inflammable cotton mattress in the wooden shed.” Because Beal had leased the premises and his tenants had stored the mattress in the shed, Beal could not have the required custody or control to satisfy Article 2317.
Furthermore, it is generally recognized that a defendant may escape liability under Article 2317 if he can show the fault of a third person caused the injury. Loescher v. Parr, supra. In the instant case, plaintiffs allege that the fire was caused by the young boys playing with matches.
The other theory of recovery asserted by plaintiffs is premised on La.C.C. Art. 667, which provides:
“Although a proprietor may do with his estate whatever he pleases, still he can not (sic) make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
Our review of the cases which have examined Article 667 in the context of fires convinces us that this article has no application to this case. In Terre Haute Plan *792 tation, Inc. v. Louisiana & A. Ry. Co., 210 So.2d 566 (La.App. 4th Cir.1968), writ refused 252 La. 845, 214 So.2d 164 (1968), we held that article 667 applies “only where the proprietor is carrying on some activity on his property which causes damage to his neighbor.... to hold otherwise would cast liability on every landowner on whose property á fire is commenced and spread to neighboring lands even though the cause or origin of the fire was due to the act of trespassers, vandals, lightning or unknown sources not attributable to any conduct or activity on the part of the landowners.” Id. at 568 (emphasis original). We note only one case, Maryland Casualty Co. v. Rittiner, 133 So.2d 172 (La.App. 4th Cir. 1961), which has imposed liability under La.C.C. Art. 667 for the spread of fire. In that case the defendant’s laborers were carrying on the activity of pouring molten tar into a shower stall on defendant’s property. The shower ignited and flames spread to adjoining land, destroying a building.
We are satisfied that under Article 667 a neighboring landowner must prove more than the mere fact that the fire originated on defendant’s property. He must show that it was the result of a use or activity conducted on the property by the owner. See, Toussant v. Guice, 414 So.2d 850 (La. App. 4th Cir.1982).
Plaintiffs argue, however, that Butler v. Baber, 529 So.2d 374 (La.1988) has expanded the scope of Article 667 and that the trend is towards a broader interpretation of its language. We disagree.
The principal issue in Butler was whether Article 667 applied in favor of the plaintiff-oyster lessee against the defendant mineral-lessee, where both leases originated from the State. The court concluded that each was a “proprietor” within the meaning of Article 667, and that defendant’s work, i.e. dredging operation, damaged plaintiff’s oyster lease. We find no support in the opinion to justify the imposition of liability on a neighboring landowner where he does nothing but collect rent. A contrary conclusion would be an unwarranted expansion of existing jurisprudence.
For the above and foregoing reasons, we affirm the trial court judgment.
AFFIRMED.