JOHN A. PATIN, Judge.
This is a personal injury suit. Defendants-Appellants, Richard Hare and his liability insurer, Arnica Mutual Insurance Company, appeal a jury verdict finding against them and in favor of plaintiff-appel-lee, Hattie D. Gunn.
The jury found Hare negligent in causing a head-on collision between his automobile and Gunn’s, casting him in judgment for her resulting damages and injuries. Appellants appeal suspensively asserting several assignments of error.
The accident from which this case arises occurred on March 16, 1988, on Louisiana Highway 28 in Pineville, Louisiana. Hare was travelling in the innermost westbound lane and Gunn the innermost eastbound lane of the four-lane highway when Hare swerved across the center line and the two automobiles collided.
Hare alleges that his swerving across the double yellow line was an evasive action taken to avoid a collision with a vehicle which had, without warning, crossed into his lane creating a sudden emergency. He alleges that it was the actions of this vehicle that prompted his own actions and caused the subsequent collision and injuries.
A jury trial was held on July 10, 11 and 12,1990. The jury took only a few minutes to find Hare negligent and to find that a “phantom vehicle” was not in any way responsible. The jury then awarded the plaintiff a substantial sum for her injuries and other damages.
The first assignment of error asserted by appellants is that the trial court erred in omitting a jury instruction regarding the defense of sudden emergency, and erroneously stated the law regarding the proof required for the defendant to exculpate himself.
The standard of review required of this court in determining whether or not an erroneous jury instruction has been given requires a comparison of the degree of error with the jury instructions as a whole and the circumstances of the case. Doyle v. Picadilly Cafeterias, 576 So.2d 1143 (La. App. 3d Cir.1991); Walker v. Babcock Industries, Inc., 582 So.2d 258 (La.App. 1st Cir.1991). The instructions must provide a correct principle of law and point out the issues clearly and reasonably. Doyle, supra, citing Evangeline Farmers Cooperative v. Fontenot, 565 So.2d 1040 (La.App. 3d Cir.1990).
The alleged omission was an instruction regarding the law on sudden emergency. The sudden emergency defense was first detailed in Louisiana in Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (La.1972). That rule of law exculpates a driver from liability which might otherwise arise where said driver is faced with a potentially hazardous situation, not of his making, which forces him to make avoidance maneuvers without time for consideration of the potential consequences. The driver will not be held negligent in such a situation even if the decision he makes to avoid the emergency situation is not necessarily the best or the safest.
The appellants had prepared jury instructions correctly stating the sudden emergency law. They were assured by the trial judge that a charge regarding the defense would be given. Appellants had objected prior to the reading of the instructions, to the trial judge’s decision to not include their prepared charge on sudden emergency-
During the reading of the instructions, the trial court said the following:
[T]he burden is upon the offending driver to prove by clear and convincing evidence that his presence in the wrong lane of traffic occurred without any negligence, however slight, on his part. If you find that another vehicle was involved and Richard Hare’s evasive actions were not that of a prudent person and that his actions in any way contributed to the cause of this accident, then you must find that he is at fault and cannot take advantage of the sudden emergency defense exonerating himself from fault.
The foregoing excerpt from the jury instructions is the trial court’s only reference *851 to the sudden emergency defense. Furthermore, it appears to have such negative connotations that it may very well have made it even harder for the defendant to exculpate himself.
Appellants suggest that the combination of the harsh language of the instruction to the jury and the omission of the charge on sudden emergency defense severely prejudiced their case. They suggest that the jury was affected by the erroneous charge resulting in a tainted verdict. Appellee argues that even though the judge did not define the sudden emergency defense, it was explained to them during the course of the trial and during closing arguments. She contends that because the jury was made aware by other means of the availability of the defense, whatever error existed by omitting the instruction was, in effect, cured.
We are not convinced by appellee’s argument. As stated earlier, the trial judge should instruct the jury on the correct and applicable principles of law. The sudden emergency defense was obviously crucial to the defense of Hare. The omission of a charge explaining it constitutes reversible error.
The general rule, first detailed in Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), is where an erroneous jury instruction is given that constitutes reversible error, the jury decision should be thrown out and the appellate court should undertake a de novo review of the record and implement its own judgment based on a preponderance of the evidence.
The appellee argues that even if we should decide to reverse on the issue of negligence due to the faulty jury instructions we should only reverse as to that portion of the judgment. The appellee suggests that we essentially bifurcate our review, making a de novo review of the negligence issue and, if negligence is found, a “manifest error” review of the damages and quantum judgments.
There is jurisprudence, namely Picon v. Ferrera, 483 So.2d 915 (La.1986), suggesting the appellate court need only disturb that portion of the verdict influenced by the erroneous jury instruction. While the issues of negligence and damages may be separate determinations in theory, we cannot in the present case say that the jury’s determination was not influenced in finding Hare wholly negligent, a finding based on an erroneous instruction. Therefore, we find that the erroneous charge may have had some influence on the jury award and we set aside that decision as well.
Appellant urges this court to follow the general rule of Gonzales and determine this case without remanding for new trial. However, after reviewing the record, we find it necessary to utilize one of the exceptions to the Gonzales standard.
While a de novo review and judgment by the appellate court is favored, such actions may not always be the best, particularly when the need for expedience and the need to achieve justice conflict. The Louisiana Supreme Court in Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707 (La.1980), first recognized the need for an exception to the Gonzales standard, allowing the appellate court to remand where “the weight of the evidence is so nearly equal that a first hand view of the witnesses is essential to the fair resolution of the issues.” Ragas, supra at 708.
This court has previously utilized the Ragas exception in the fact similar case of Lewis v. State Farm Mutual Auto. Ins., 499 So.2d 656 (La.App. 3d Cir.1986). Lewis involved a head-on collision between two vehicles when the driver of one vehicle swerved, allegedly to avoid two three-wheelers travelling towards her in her lane, crossed the center line of a state highway and collided with the vehicle in the opposite lane. At trial the defendants, the driver of the car that was struck and one of the alleged three-wheeler riders, moved for directed verdict and the trial court judge granted it. The plaintiff appealed and the appellate court affirmed in part and reversed in part.
The appellate court affirmed the directed verdict for the driver of the vehicle that was struck, finding no negligence, but re *852 versed as to the alleged driver of the three-wheeler. Instead of sitting as the triers of fact however, this court remanded for a new trial.
The court in Lewis used the Ragas rule and held that the issue of negligence would best be resolved by a determination based on the credibility of witnesses rather than finding a preponderance from the cold record.
The similarities between Lewis and the present case are obvious. The similarities run deeper than just the facts. In the present case we have an issue of whether or not a “phantom vehicle” existed. While there is an independent eyewitness, her testimony is somewhat clouded by inconsistencies and by expert testimony to the contrary. Likewise, there were exhibits shown and illustrations made not available to this court.
It is this court’s belief that the evidence in the record is so close that the necessity for a first hand view of the witnesses by a jury would best serve justice and obtain a proper judgment even if it is not the most expedient route. Accordingly we remand this case for a new trial.
We are aware of the recent decision of Willis v. Letulle, 581 So.2d 1048 (La.App. 1st Cir.1991). The current Willis case is in response to an order by the Louisiana Supreme Court in Willis v. Letulle, 583 So.2d 484 (La.1991), directing the appellate court to decide a case it had originally remanded for new trial on the grounds there was no legal basis for remand.
When the First Circuit originally entertained the case, Willis v. Letulle, 581 So.2d 1048 (La.App. 1st Cir.1991) it had remanded, using the Ragas standard for its authority. In its current Willis opinion it determined that the order of the supreme court was an implicit overruling of Ragas because the higher court did not recognize it as a legal basis for remand. While we understand the reasoning behind the first circuit’s interpretation we cannot, nevertheless, adopt it. We note that the concurring opinion in Willis concludes the supreme court did not reverse Ragas.
See also Hickman v. Albertson’s, 598 So.2d 1128 (La.App. 2d Cir.1992) where the appellate court also found a basis for reversing the judgment and remanding the case for a new trial.
The order of the supreme court in Willis does not supply an explanation for its decision. Without going into an exploration of the facts of the case to distinguish it from Ragas, we are convinced that had the court wished to overrule Ragas, it would have done so more clearly. As a result, we feel Ragas is still good law.
Costs of this appeal will be paid by appel-lees.
REVERSED and REMANDED.
GUIDRY, J., concurs and assigns reasons.