COLE, Judge.
The facts giving rise to this litigation are as follows: Plaintiff-appellant George Haynes owns a women’s clothing store known as Geo-Je’s Apparel. Mr. Haynes leases space in the Alamo Plaza Shopping Center which at one time was owned by H & R Mini-Mall, Inc. George’s brother, Lee Allen Haynes, owned a clothing store (Lee Allen’s Fashions For Men) located in the same building. On October 13, 1976, a fire started in Lee Allen’s store and the smoke spread to Geo-Je’s. The interior of Lee Allen’s was destroyed totally and the merchandise in Geo-Je’s was damaged severely by the smoke.
Several suits were filed and consolidated for trial. George Haynes and his insurer, The North River Insurance Company, sued The Miller’s Mutual Fire Insurance Company of Texas (the insurer of H & R Mini-Mall, Inc.) and The Standard Fire Insurance Company[1] (the insurer of Lee Allen’s Fashions For Men). After a lengthy trial the court concluded the building owned by H & R Mini-Mall, Inc. was defective in that the fire walls did not extend to the underside of the roof, as required by the city building code. This defect allowed the smoke to spread to Geo-Je’s through the attic of the building. Therefore judgment was rendered in favor of George Haynes and against Miller’s for $92,229.03 and in favor of North River and against Miller’s for $60,-495.21, the amount Miller’s paid to George Haynes under its policy. The judgment dismissed George Haynes’ claim against Standard and he has appealed this dismissal only. Plaintiff’s insurer, North River, is not a party to this appeal.
Appellant contends the court erred in not finding Standard liable for the damage sustained and in setting the quantum.
After carefully studying the record we are convinced there was no manifest error in the trial court’s refusal to hold Standard liable. In oral reasons, the court stated:
“In regard to the (sic) Lee Allen Haynes and Standard, all of the testimony indicates that this fire began by arson, that there were cans of cleaning fluid, holes were punched in it and the fluid was thrown on the floor. All those who testified, the Baton Rouge Fire Department and other people, clearly,, indicated that there was no evidence in this case that Mr. Lee Allen Haynes was responsible for this.
“As I stated in the opening remarks that I have made, there have been innu-endoes and suggestions that Mr. Haynes or others possibly could have started this fire, and this Court does not find so because that is merely speculation. The plaintiff did not prove his case by a preponderance of the evidence against Standard.” (Emphasis added.)
We agree with this conclusion. The evidence indicates strongly the fire was started deliberately, although it is unknown who started it. Marvin Castello, the fire investigator for the Baton Rouge Fire Department, was accepted as an expert by the court. He testified the burn pattern indicated the fire started in the fitting room where cans of aerosol cleaning fluid were found. The bottoms of the cans had been punctured by a sharp instrument. Mr. Cas-tello stated unequivocally that in his opinion someone had intentionally started the fire although he had no evidence to indicate who was responsible for the act.
Several other witnesses[2] testified they had no information linking Lee Allen Haynes with the fire nor did they have evidence to implicate any particular third person as the arsonist. As the liability insurer of Lee Allen Haynes, Standard cannot *1147 be held Hable unless it is proven the insured or someone for whom he is responsible (such as an employee) was the cause of the fire.
Appellant does not contend he has proven his case against Standard by a preponderance of the evidence but argues he has raised a presumption that Lee Allen Haynes or an employee was responsible for the fire. He bases this presumption on the hearsay testimony of Mr. Castello which indicated that after Mr. Haynes and his employees left the store at 6:05 p. m. the evening of the fire, someone entered the store at 6:15 p. m. This information was obtained from records subpoenaed from Alford Safe and Lock Company but not offered into the record as exhibits. Mr. Cas-tello testified he had examined the records and they indicated the person entering the store at 6:15 knew how to operate the burglar alarm system because the alarm was properly turned off and then reset when this individual left the store. The records from Alford show the alarm, indicating there was a fire, went off at 6:23 p. m.
Appellant argues this presumption is sufficient to shift the burden to the defendant insurer to prove its insured (or anyone for whom its insured is responsible) did not start the fire and puts forth four reasons why the burden of proof should be shifted. First, he contends La.Civ.Code art. 667 is applicable and under that article Lee Allen Haynes, as a tenant, is strictly liable for the damage caused by the fire originating in his store. The article reads as follows:
“Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
We find this article, and the cases cited by appellant, to be completely inapplicable to the present case. The language of the article indicates the owner (or in this case the lessee) of the property is performing an intentional act, i.e., he is “making a work.” In the present case it cannot possibly be said Lee Allen Haynes was involved in an intentional activity on his property. The cases cited in the brief all deal with intentional activities by the owner rather than acts done by third persons.
We agree with the defendant-appellee that the case of Terre Haute Plantation, Inc. v. Louisiana & A. Ry. Co., 210 So.2d 566 (La.App. 4th Cir. 1968) is quite on point. In that case a fire of unknown origin started on defendant’s property and spread to plaintiff’s cane field. The court rejected plaintiff’s argument that article 667 was applicable and stated as follows:
“The short answer to plaintiff’s contention is that this article has application only where the proprietor is carrying on some activity on his property which causes damage to his neighbor. The article has no application to the circumstances of this case. To hold otherwise would cast liability on every landowner on whose property a fire is commenced and spread to neighboring lands even though the cause or origin of the fire was due to the act of trespassers, vandals, lightening or unknown sources not attributable to any conduct or activity on the part of the landowner.”
We agree completely with this reasoning and therefore decline to apply the “strict liability” of art. 667 to the present case.
Second, appellant argues Standard should be held strictly liable on the basis of La.Civ.Code art. 2317.[3] We find this article equally inapplicable to the case at hand. What is the “thing” in Lee Allen Haynes’ custody? Certainly he had custody of the building but the building did not cause the harm. Obviously the fire caused a great deal of damage but can it be seriously argued the fire was in his custody? We think not. The jurisprudence has applied this article to situations where a person has custo *1148 dy of a “defective thing.”[4] However, we refuse to stretch the meaning of the term so far as to state that a burning store is now a “defective thing.” The article simply does not apply to the facts of this case.
Third, appellant contends the doctrine of res ipsa loquitur should apply to shift the burden onto the defendant. Res ipsa is appropriate when the facts of the case suggest the negligence of the defendant as the most plausible explanation of the accident. Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972). Since the evidence in this case suggests strongly the fire was caused by the deliberate act of some unidentified third person rather than by the defendant’s insured, the doctrine has no application here.
Finally, appellant cites the case of Keller v. Kelly, 378 So.2d 1006 (La.App. 4th Cir. 1979), writ refused 1980, for the proposition that when the tenant can show he did not start the fire, the owner[5] will be responsible. A reading of the case makes it easily distinguishable from the present one. The case was a wrongful death action of a tenant in a motel-apartment. Contrary to the present case, in which the cause of fire was found to be arson, the evidence did not indicate where or how the fire began. A further distinction is that in Keller the evidence established the fire started either as a fault of the owner or as a fault of the other tenants. In the present case the evidence indicates the fire was the deliberate act of a third person, and not the fault of Lee Allen Haynes. Even if we were to consider the hearsay testimony concerning the alarm system, we cannot conclude this creates a presumption Lee Allen Haynes or his employees were responsible for the fire. We have carefully examined the record and conclude that regardless of this testimony the identity of the arsonist is still a matter of pure speculation. We refuse to hold Standard responsible without more evidence to implicate the insured, Lee Allen Haynes. We see no reason to deviate from the traditional rule that plaintiff must prove his case by a preponderance of the evidence. He has not done so in this case[6] and therefore we affirm the judgment of the trial court. Because we have decided Standard has no liability we need not reach the issue of quantum.
For these reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.

. Suit was originally filed against The Aetna Casualty & Surety Company under the mistaken belief that Aetna was Lee Allen’s insurer. The petition was amended to correct this error.

. Those who so testified were Charles Zachariah, insurance adjustor with Southern Adjustment Service; John Pritchett, senior claims representative for Standard; Stafford Rogers, an owner of H & H Mini-Mall; and George Haynes.

. The article reads in part as follows: “We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.”

. See Loescher v. Parr, 324 So.2d 441 (La.1975), rehearing denied 1976; and Marquez v. City Stores Co., 371 So.2d 810 (La.1979).

. Appellant argues the same reasoning should apply to hold the tenant (rather than the owner) liable.

. Having held the burden of proof did not shift to appellee, we find no relevancy in plaintiffs argument that the failure of appellee to call Adolpho Gonzales, a store employee who had a key to the premises, created an adverse presumption. Even if this rule of evidence is otherwise applicable, which we do not so hold, appellee was under no constraint to go forward with affirmative evidence upon the failure of plaintiff to prove his case. Thus, there is no underlying basis for the presumption to arise.