536 So.2d 1307 (1988)
Maria Villaronga Wife of/and George VILLARONGA
v.
GELPI PARTNERSHIP NUMBER 3 and Commercial Union Insurance Company.
Nos. 88-CA-350 to 88-CA-353.
Court of Appeal of Louisiana, Fifth Circuit.
December 29, 1988.
Rehearing Denied January 17, 1989.
Writs Denied March 27, 1989.
*1308 Edward A. Rodrigue, Jr., Robert I. Baudouin, Boggs, Loehn & Rodrigue, New Orleans, for Donnie's Plumbing and Heating, Inc., Donald Ziegler d/b/a Donnie's Plumbing & HTG., and the Northern Assurance Co. of America defendants-appellees.
Thomas M. Richard, Brian L. Reboul, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for General Acc. Ins. Co. of America plaintiff-appellant.
Kevin G. Kytle, Kytle & Kytle, Kenner, for Maria Villaronga and George Villaronga plaintiffs-appellants.
Richard M. Michalczyk, Cronvich, Wambsgans, Michalczyk, Metairie, for Randye Horner plaintiff-appellant.
Raymon G. Jones, Jaime C. Waters, New Orleans, for Helen Glendenning, Dennis Glendenning and Padraig Glendenning plaintiffs-appellants.
Paul M. Lavelle, Lawrence G. Pugh, III, Montgomery, Barnett, Brown, Read, Hammond and Mintz, New Orleans, for Gelpi Partnership Number 3, Robley J. Gelpi and Sons and Commercial Union Ins. Co. defendants-appellees.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
*1309 KLIEBERT, Judge.
A fire substantially damaged a four-building apartment complex on Newport Place in Kenner. Plaintiffs Randye Horner, Maria and George Villaronga, Helen and Dennis Glendenning (collectively tenants), and General Accident Insurance Company of America (insurer of one of the buildings), brought suit to recover for losses sustained in the fire. The fire originated in one of two buildings under construction by defendant-general contractor, Robley J. Gelpi & Sons, Inc., and owned by defendant, Gelpi Partnership No. 3. Both, the general contractor and the owner were insured by defendant Commercial Union Insurance Company. Defendant, Donnie's Plumbing & Heating, Inc., was the plumbing subcontractor, insured by defendant Northern Assurance Company of America.
After a four day trial the district judge directed a verdict in favor of all defendants and dismissed plaintiffs' suits. Plaintiffs appeal. For the reasons assigned we reverse the trial court's dismissal of the plaintiffs' suit against the plumbing subcontractor and its insurer, affirm the dismissal of the suit against the general contractor, the owner, and their insurer, and remand the case for further proceedings.
Gelpi Partnership No. 3, the owner of immovable property bearing municipal addresses 1716-17 and 1720-21 Newport Place, contracted with Robley J. Gelpi & Sons, Inc., a residential construction general contractor, to construct two apartment buildings. As of October 21, 1983, the date of the fire, the slabs were poured, the framing completed, the buildings roofed, and insulation and soundboard installed. Utility services had not been installed, nor could the buildings under construction be secured at night. The subcontractor, Donnie's Plumbing & Heating, Inc., was installing water lines in Units 19 and 20 at 1720-21 Newport. Its employees were using turbo torches fueled by mapp gas to solder the copper pipes and fittings. A fire broke out in one of the buildings under construction some four to eight hours (depending on whose testimony is accepted) after the plumbers left the job site. The fire consumed 1716-17 and 1720-21 Newport and spread to 1712-13 and 1724-25 Newport Place, where Horner, the Glendennings and the Villarongas were tenants. General Accident paid a fire claim to the owner of the apartment building at 1724-25 Newport Place and is now asserting a subrogation claim along with the other plaintiffs.
As is true in most fire cases, plaintiffs' effort here was to prove the case by circumstantial evidence. Thus, to prove the case the evidence need not negate all other possible causes of a fire; rather, it suffices if circumstantial proof excludes other reasonable hypothesis only with a fair amount of certainty, so that it is more probable than not the fire was caused by the defendants' negligence. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972); Blanchard v. Sotile, 394 So.2d 633 (1st Cir.1980).
At the close of plaintiffs' case the trial court, pursuant to the provisions of La.C.C. P. art. 1810, granted a motion for a directed verdict in favor of all defendants. In deciding whether the motion should have been granted, we must consider all of the evidence in the light and with all reasonable inferences most favorable to the plaintiffs. Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (5th Cir. 1984). Moreover, a motion for a directed verdict should only be granted when the facts and inferences point so strongly in favor of one party that the court believes reasonable people could not reach a contrary verdict. Hastings v. Baton Rouge General Hospital, 498 So.2d 713 (La.1986). It is appropriate only when the evidence overwhelmingly points to one conclusion. Hastings, supra.
Under the foregoing legal principles the question presented on appeal is not whether in our view the plaintiffs had proven their case against defendants by a preponderance of the evidence, but rather, whether, upon viewing the evidence submitted, we conclude reasonable people could not have reached a verdict in favor of the plaintiffs against any one of the defendants.
Plaintiffs contend the fire started when the plumbers charred wood, wood shavings and soundboard while soldering *1310 water pipes in one of the buildings under construction, and that the combustible materials subsequently flared up, ignited the building, and spread to the adjoining buildings. Photographs of areas of the building which were not destroyed vividly show scorch marks where the pipes ran close to exposed wood. The plumber doing the work testified that he did not use a flame shield on the torch to protect adjacent material and admitted he scorched wood on the job.
Randye Horner, who lived in an apartment less than ten feet from the building where plaintiffs contend the fire originated, testified that on the night of the fire she heard whistling in the plumbers' work area at approximately 5:00 P.M. and again at 8:30 P.M. heard the same whistling and saw lights in the work area. The plumber admitted he sometimes whistles while working but said he left the job site at 5:45 P.M. after checking for loose tools and smoldering materials. At 1:30 A.M. Horner heard glass breaking and upon looking out her window observed a fire in the plumbers' work area. Therefore, the plumbers were working in the building within five to eight hours of the time the fire was discovered, depending on whether one concludes from Horner's testimony the plumbers were working as late as 8:30 P.M. the night of the fire.
Although Jefferson Parish Fire Department officials originally suspected arson, upon further investigation the cause of the fire was listed as "undetermined," a designation used when an investigator could not determine beyond a doubt what caused a fire. One investigator expressed the opinion that the plumbers could have caused the fire because wood can smolder for one to twenty-four hours before bursting into flame. An expert in the field of fire origin and cause ruled out utility service, spontaneous combustion, and weather as possible causes of the fire. He felt it was more probable than not that the fire was caused by a spark from the plumber's torch which smoldered for some period of time before bursting into flame. A plumbing expert testified that the scorching of nearby materials rather than using a flame shield was unacceptable and improper work.
In his reasons for judgment the trial judge acknowledged the standards and reasoning to be applied in considering the motion for a directed verdict but, based on his evaluation of the credibility of the expert testimony, concluded it was just as probable the fire was started by an arsonist as by the plumbers. The decision as to which was the most probable scenario, i.e., an arsonist or the plumbers, is neither the trial judge's nor ours. Rather, it is a decision for the trier of the fact, in this instance, the jury. Therefore, we hold the trial judge erred in directing a verdict dismissing the plaintiffs' claim against the plumbing contractor.
In their briefs before this court the plaintiffs made no distinction between the owner and the general contractor. Plaintiffs merely referred to both collectively as the Gelpi Interest and then proceeded to urge arguments as toliability of the Gelpi Interest (without distinction as between the owner and general contractor) for various reasons on theories of personal negligence, vicarious fault, and liability without fault.
POTENTIAL LIABILITY OF THE OWNER AND/OR GENERAL CONTRACTOR
Plaintiffs contend Gelpi (as the general contractor) failed to properly supervise and inspect the work of the plumbers and institute appropriate remedial work to remedy the dangerous conditions created by the plumbers. Additionally, plaintiffs contend Gelpi (as the owner) breached its duty to inspect the premises for dangerous conditions and take corrective measures to avoid injury.
As a general rule neither the owner nor the general contractor are liable for the negligence of an independent contractor who performed work for them unless, as urged by the plaintiffs here: (1) the work undertaken by the independent contractor is inherently or intrinsically dangerous, or (2) the person for whom the work is performed gives express or implied authorization to an unsafe practice or has the right *1311 to or exercises operational control over the method and means of performing the work. See Williams v. Gervais F. Favrot Co., 499 So.2d 623 (4th Cir.1986) writ denied 503 So.2d 19 (La.1987); Trapani v. Parish of Jefferson, 180 So.2d 850 (4th Cir.1965).
In deciding whether the person performing the work is an employee or an independent contractor the focus of inquiry is directed at gauging the degree of independence or subserviency of the person in accordance with the following factors: (1) the existence of a contract for the performance of a specific job, (2) payment of a fixed price for the work, (3) employment by the contractor of assistants who are under his control, and (4) the furnishing of tools and materials and the right to control the conduct of the work while in progress. See Williams v. Favrot, supra.
The proposal submitted by the plumbers and accepted by the general contractor shows the plumbing subcontractor was to furnish all materials and labor at a price of $2,750.00 per apartment unit. The physical work was performed by an employee of the plumbing subcontractor. Mr. Paul Gelpi, the supervising foreman for the general contractor, testified that the contractor's duties did not entail specifically instructing the subcontractor as to the method or actual performance of the work. After careful review we find nothing in the record to indicate the owner or the general contractor retained the right to exercise or did exercise direction or control over the performance of the subcontractor's work. The fact Paul Gelpi periodically inspected the job site to insure the work was performed according to specifications was not the operational control necessary to render the general contractor liable for the negligence of the subcontractor. Where the control over the contract is limited to providing plans and specifications and the owner or general contractor's only right is to insist that the job be performed in accordance with those plans and specifications, an independent contractor relationship exists and neither the owner nor the general contractor is liable for the subcontractor's negligence. Favrot, supra.
It is true, as urged by plaintiffs, that Paul Gelpi testified that he observed scorch marks where pipes were installed but did not instruct the plumbers performing the work (employees of the subcontractor) to use shields on the torch and/or refrain from charring combustible material. However, he further testified that the scorching or discoloration to him was normal because he had seen this type of process during his thirty years as a general contractor. Thus, the fact that Gelpi saw these normal (as opposed to unusual) markings on the studs, imposed no duty on the owner or the general contractor to take remedial measures.
Moreover, the record does not support plaintiffs' contention that the owner was liable under the strict liability provisions of La.C.C. arts. 2317 and 667. Under an Article 2317 theory of strict liability, plaintiffs do not have to prove negligence; however, they must show that the thing (the property) was in the owner's custody and contained a defect and that the injury was caused by the defect. Loescher v. Parr, 324 So.2d 441 (La.1975); Shipp v. City of Alexandria, 395 So.2d 727 (La. 1981); Toussant v. Guice, 414 So.2d 850 (4th Cir.1982). No such proof was shown here. Moreover, plaintiffs do not seriously urge this argument on the appeal.
La.C.C. art. 667 establishes a limitation on the owner's use of his property. The proprietor of an estate cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. "Fault" under Article 667 is the damage done to neighboring property, and relief under Article 667 requires only that damage and causation be proven. Butler v. Baber, 529 So.2d 374 (La.1988). In the present case the owner was constructing an apartment building. This "work" did not cause damage to the neighboring building; rather, it was the fire which caused the damage. Article 667 has no application to the circumstances of this case. Accord Terre Haute Plantation, Inc. v. Louisiana & Arkansas Railway Company, 210 So.2d 566 (4th Cir.1968) writ denied 252 La. 845, 214 So.2d 164; Boudreaux v. American *1312 Insurance Co., 245 So.2d 794 (4th Cir.1971) writ granted 258 La. 759, 247 So.2d 861 (1971) reversed on other grounds 262 La. 721, 264 So.2d 621 (La.1972) on rehearing; Haynes v. Aetna Casualty and Surety Co., 411 So.2d 1145 (1st Cir.1982) writ denied 415 So.2d 950 (La.1982).
CONCLUSION
Accordingly, the judgment of the trial court is reversed insofar as it directs a verdict in favor of Donnie's Plumbing and Heating, Inc., Donald F. Ziegler, d/b/a Donnie's Plumbing and Heating, and Northern Assurance Company of America. The judgment of the trial court is affirmed insofar as it directs a verdict in favor of Robley J. Gelpi & Sons, Inc., Gelpi Construction Company, Inc., Gelpi Partnership No. 3, and Commercial Union Insurance Company. The case is remanded to the district court for further proceedings. Each party to bear his own cost of the appeal.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.