889 So.2d 1126 (2004)
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
v.
Barry Michael RICHARD.
No. 04-CA-686.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 2004.
Stacy C. Wheat, Shapiro & Mentz, Metairie, LA, for Plaintiff/Appellee.
Patrick D. Breeden, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant, Barry Richard, appeals from a ruling of the trial court granting summary judgment in favor of plaintiff, Mortgage Electronic Registration Systems, Inc. (MERS), for the sum of $41,075.47, plus interest and late charges, and any additional amounts plaintiff may have advanced. For the reasons that follow, we reverse the decision of the trial court and remand this matter for further proceedings.
On November 30, 1995, Mr. Richard executed a promissory note with Citywide Mortgage Company. The note was secured by a mortgage on real property in Gretna, Louisiana. The note contained an acceleration clause in the event of failure to pay in full any monthly payment.
On July 23, 2001, MERS filed a petition for executory process. In the petition it alleged that it was the holder of a mortgage executed by Mr. Richard, that the mortgage instrument contains an acceleration clause in the event of non payment, and that the installment due February 1, 2001 and subsequent installments were unpaid. Attached to its petition was the *1127 mortgage instrument executed by Citywide, and an allonge indicating transfer of the note first to Source One, then to Chemical Mortgage and then to MERS.
Mr. Richard filed a request for injunctive relief and damages. In his pleadings, he argues that the holder of the note was Fleet Mortgage Corporation (Fleet), and not MERS, and that if MERS was now the mortgage holder, it failed to provide notification as required by law. Mr. Richard also alleged that he paid the February 1, 2001 payment to Fleet. Attached to his pleadings were copies of checks made out to Fleet Funding, dated February 1, 2001, March 1, 2001, April 11, 2001 and May 3, 2001. Also attached was a letter dated September 20, 2000 from Citiwide, stating that the loan had been sold to Fleet, and a letter dated May 23, 2001, indicating Fleet had been purchased by Washington Mutual Homes Loans, Inc. Mr. Richard's pleading also alleges that he was in the service at sea at the time of the filing of the petition, and that plaintiffs were in violation of the Soldiers and Sailors Relief Act, 50 USCA 501.
Thereafter, on August 2, 2002, MERS filed a petition converting the proceedings to an ordinary process. MERS then filed its motion for summary judgment. In argument, MERS alleged that the February 1, 2001 payment made by Mr. Richard was for a prior installment on the note. MERS also stated that it was the servicer for Washington Mutual, who was the holder of the note. MERS did not produce any evidence to support these arguments at the hearing.
Mr. Richard argued that the note was current until May 3, 2001, at which time his payments were returned by MERS.
On October 28, 2003, the trial court rendered judgment granting the motion for summary judgment. Thereafter, on January 6, 2004, MERS requested that its affidavit of correctness of account be placed into the record. This affidavit was executed by Jeff Stobbe, business analyst of Washington Mutual, on December 8, 2003.
On February 26, 2004, the trial court denied Mr. Richard's motion for new trial. This appeal followed.
In this appeal, Mr. Richard alleges that the trial court erred in granting the motion for summary judgment, as there are genuine issues of material fact.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. art. 966(A)(2).
In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. Hines v. Garrett, XXXX-XXXX (La.6/25/04), 876 So.2d 764, 765. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Id. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.
The movants, ..., have the burden of proof. La.Code Civ. Pro. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, its burden on the motion does not require it to negate all essential elements of the *1128 adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.Code Civ. Pro. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish they will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact. La.Code Civ. Pro. art. 966(C)(2).
Richard v. Hall, XXXX-XXXX (La.4/23/04), 874 So.2d 131, 137.
Summary judgments are reviewed de novo on appeal. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Underwood v. Best Western Westbank, Inc., 04-243 (La.App. 5 Cir. 8/31/04), 881 So.2d 1271, 1274 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750.)
In this case, plaintiff contends that Mr. Richard missed his February 1, 2001 payment, thereby giving them the right to accelerate his mortgage note. Richard contends that he did pay his February 1, 2001 note, and therefore plaintiff was in error in accelerating the note. Richard presented the cancelled check, to show that the payment had been made. Plaintiff failed to produce a payment schedule, to support its allegation that the payment was applied to a prior installment.
Plaintiff argues that the affidavit of Jeff Stobbe sustained its burden of proving that the February 1, 2004 payment had not been made. However, that affidavit was not considered at the hearing on the motion to suppress, and was not even signed until after the motion had been ruled on. Thus, the affidavit does not negate the issue of material fact present at the hearing on the motion to suppress. We find that the issue of whether the payment was made is a genuine issue of material fact, and that the trial court erred in granting summary judgment in this matter.
Accordingly, the trial court's ruling granting summary judgment is reversed and the matter remanded for further proceedings.
REVERSED AND REMANDED