942 So.2d 1140 (2006)
Eva Hartman, Wife of/and Rayford HARTMAN
v.
CARCO, INC., American Claims Service, Parish of Jefferson, City of Westwego, and XYZ Insurance Company.
No. 06-CA-203.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2006.
*1141 R. Glenn Cater, Cater & Willis, New Orleans, Louisiana, Alfred Barrera, Avondale, Louisiana, for Plaintiff/Appellant.
Kevin L. Cole, James A. Prather, Cynthia L. Thomas, Galloway, Johnson, Tompkins, Burr & Smith, Mandeville, Louisiana, for Defendant/Appellee.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and JAMES C. GULOTTA, Judge, Pro Tempore.
JAMES C. GULOTTA, Pro Tempore Judge.
Plaintiffs appeal from the summary judgment granted in favor of the Defendant, Carco, Inc.[1], dismissing all Plaintiffs' claims against Carco. We affirm.
In the memorandum in support of the motion for summary judgment, Carco explained that the City of Westwego awarded a contract to Carco to have the concrete apron surrounding the Avenue H fire station repaired. This required the existing concrete to be broken up and hauled away and new concrete re-poured. Carco in turn subcontracted with Jerry Bernard to perform the labor involved in breaking and removing the prior concrete and re-pouring the new concrete. Bernard provided a price per square foot for the job which *1142 Carco accepted after allowing for profit and materials.
This suit was filed by Rayford Hartman and his wife, Eva, against the City of Westwego, the Parish of Jefferson,[2] Carco, and its insurers, American Claims Service, and Lloyds of London. In this suit Plaintiff alleges that he slipped and fell while walking past the construction site on debris from the site where the street met the walkway/driveway. Hartman alleged that the construction site was improperly designed, maintained, constructed, operated, and/or marked. He contends that as a result of the negligence of the Defendants he sustained severe, painful and disabling injuries. Hartman's wife Eva, it was alleged, suffered loss of consortium.
Carco, maintains Hartman slipped on mud on Avenue H during a rain shower. He slipped outside of but within one meter of the caution tape surrounding the project. Carco filed a motion for summary judgment arguing that it could not be liable for any negligence involving the concrete work at the site because it subcontracted the work out to Jerry Bernard, who was an independent contractor with control over the project. Carco alleged that it acted purely as a general contractor and had no supervisory control over Bernard or his employees. Bernard was not named as a defendant in this suit.
The Plaintiffs opposed the motion arguing that there were genuine issues of material fact, regarding whether Bernard was an independent contractor on the construction site, that precluded summary judgment. They argued that although Carco highlights Bernard's control over the project, there are other important unresolved facts that bear on the question of whether Bernard was an independent contractor such that Carco is absolved of liability.
Following a hearing, the trial court, on June 15, 2005, rendered summary judgment in favor of Carco, dismissing all claims against it. The trial court also denied Plaintiffs' motion for new trial. It is from these judgments that the Plaintiffs appeal.
On appeal the Plaintiffs argue, as they did in the trial court, that genuine issues of material fact exist regarding whether Carco was liable for the actions of Bernard, thus the trial court erred in granting summary judgment in its favor and denying the Plaintiffs' motion for new trial.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La.App. 5th Cir.04/25/00), 761 So.2d 84, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544; Moody v. United Nat. Ins. Co., 98-287 (La.App. 5th Cir.9/29/98), 743 So.2d 680. Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith, supra; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191.
In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. Hines v. Garrett, XXXX-XXXX (La.6/25/04), 876 So.2d 764, 765; Mortgage Electronic Registration Systems, Inc. v. *1143 Richard, 04-686 (La.App. 5th Cir.11/30/04), 889 So.2d 1126. The credibility of a witness is a question of fact. Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228; Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973). A trial judge cannot make credibility determinations on a motion for summary judgment. Hutchinson, supra. Further, a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Hines, supra. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines, supra.
Carco argued, in support of its motion for summary judgment, that Bernard was an independent contractor on the construction project, evidenced by the fact he used his own employees and was paid by square foot for the project. Carco contends Bernard had complete control over the construction, thus, it cannot be held liable for the accident that occurred at the construction site because of the condition of the site.
The Plaintiffs opposed the summary judgment arguing that Carco ignored several factors pertinent to a decision in this case that present material issues of fact precluding summary judgment. More particularly, the Plaintiffs point out that Carco, through Rene Rodrigue, the owner, provided all the specifications for the construction project and bought or provided all materials used in the construction. Further, it is pointed out that the breaking of the concrete was not performed exclusively by Bernard but was done with the assistance of A & A Enterprises, a company selected by Carco, without an option on the selection by Bernard. Finally, the Plaintiffs argue that Carco retained control over the project evidenced by Rodrigue's deposition testimony stating that when problems arose with the construction he, rather than Bernard, handled the matter and determined what should be done.
Both parties rely on the case Villaronga v. Gelpi Partnership No. 3, 536 So.2d 1307 (La.App. 5th Cir.1988), writs denied, 540 So.2d 327 (La.1989), for the legal standard to determine whether a person is an independent contractor or an employee. As a general rule, neither the owner nor the general contractor is liable for the negligence of an independent contractor who performs work for the owner or general contractor. Villaronga, supra. To determine whether a person performing work for another is an employee or an independent contractor, and thus whether the principal is liable for that person's negligence, a court is to gage the degree of independence or subserviency of the person in accordance with the following factors: "(1) the existence of a contract for the performance of a specific job, (2) payment of a fixed price for the work, (3) employment by the contractor of assistants who are under his control, and (4) the furnishing of tools and materials and the right to control the conduct of the work while in progress." Villaronga, supra.
The Louisiana Supreme Court has set out similar guidelines, if not more detailed, in Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972). Therein, the Supreme Court found the following factors relevant in determining whether the relationship of principal and independent contractor exists: (1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for *1144 specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Hickman, 262 So.2d at 390-91.
It is not the supervision or control which is actually exercised by the employer that is significant, but whether, from the nature of the relationship, the right to do so exists. Hickman, 262 So.2d at 391; Mack v. CDI Contractors, Inc., 99-1014, p. 7 (La.App. 5th Cir.2/29/00), 757 So.2d 93, 97.
Applying these precepts to the facts presented, we find that Bernard was an independent contractor for whom Carco was not liable. The record shows that an agreement existed between Bernard and Carco for a set price for the job to be performed. The job was for a specific task, breaking and removing the existing concrete apron around the fire station and re-pouring the new concrete, to be done according to Bernard's chosen methods. Rodrigue (Carco's owner) stated that he used other concrete sub-contractors from time to time. Bernard stated in his deposition that the laborers who performed the job were all employed by him and within his control. Carco supplied the materials only in the sense that Bernard ordered from a vendor who did business with Carco and the vendor would fill the order called in by Bernard and bill Carco. But it was Bernard who controlled what materials were ordered, the work being performed and the personnel performing it. Moreover, it was Bernard who controlled the daily operations of the job, breaking up and removing the concrete from the site and re-pouring it. Rodrigue stated that he only went out to the site on two occasions and one of those was before the work started to view the site for the bid.
Despite Bernard's control over the project, Plaintiffs contend that there were unresolved factual issues regarding whether Carco retained control over the project. In support of their position they point to the fact that when Westwego wanted a cleaner edge on the concrete they called Rodrigue about it. Rodrigue in turn call Bernard and advised him to get a saw cutting company, A & A Enterprises, to make a straight cut on the edge. Bernard did what he was told.
Carco argues, to the contrary, that this incident did not indicate his control over the project but only that Carco was the contractor for the project. When the owner had a problem they notified the contractor who notified the sub-contractor. This did not give Carco operational control over the method of the work performed. We agree.
Rodrigue stated in his deposition that he turned the project over to Bernard and did not control the project or give him day to day instructions. Bernard did not dispute that in his deposition. The fact that Westwego contacted Carco about wanting a straight cut does not evidence Carco's control over the project. Accordingly, we find, as did the trial court, that there are no unresolved issues of material fact and that Carco is entitled to judgment as a matter of law on its motion for summary judgment dismissing Plaintiffs' claims against it for liability for the acts of its independent contractor. Consequently, we also find no error in the trial court's denial of Plaintiffs' motion for new trial.
For the reasons stated above, we affirm the summary judgment granted in favor of *1145 Carco and against the Plaintiffs dismissing all claims against it with prejudice, and find no error in the trial court ruling denying Plaintiffs' motion for new trial.
AFFIRMED.
NOTES
[1] We note that the motion for summary judgment was filed on behalf of Carco, Inc., American Claims Services, Inc., and Certain Underwrites at Lloyd's London, but the judgment on the motion only references Carco.
[2] All claims against the Parish of Jefferson were dismissed by summary judgment dated November 9, 2004 and that judgment is not part of this appeal.