GREG G. GUIDRY, Judge.
| ¡.Plaintiffs in this wrongful death and survival action are the children of the deceased, Joseph White (White). They appeal from a summary judgment rendered in favor of Defendants, Shell Exploration & Production Company, and Shell Offshore Inc., (collectively Shell), Steve’s Welding Service (Steve’s Welding), and its owner, Steve Lasserre (Lasserre). For the reasons which follow, we affirm in part and reverse in part and remand.
The record indicates that Lasserre was contacted by Shell in August 2003 to remove three identical tanks from the Shell Harvey Terminal. Steve’s Welding had an ongoing contract with Shell that had been entered into in December 1991. It was a blanket purchase order contract and called for Steve’s Welding to perform future work for Shell as an independent contractor. The 1991 contract required Steve’s Welding to “furnish all labor, supervision, machinery, equipment, |smaterials and supplies necessary” for the work, and to be “fully responsible for all work performed by subcontractors.” The tanks Shell wanted removed in 2003 had been previously cleaned.
In the past, when Lasserre did similar work for Shell, he either did it himself or subcontracted the work to Cornelius Gilmore (Gilmore). On this occasion, when Shell contacted Lasserre about the tank removal, he in turn contacted Gilmore. Gilmore accompanied Lasserre to the Shell Harvey Terminal to inspect the job to see if Gilmore wanted to do the job. Following the inspection, Lasserre presented Shell with a fixed price bid for the removal of the three tanks within a six day time period.
According to Lasserre’s deposition testimony, he would retain the payment from Shell. He did not pay Gilmore. Rather, Gilmore did the work for whatever he could collect on the sale of the removed tank pieces as scrap. Lasserre was present at the job daily and performed the function of fire watcher, that is, he observed the welding work insuring that nothing accidentally caught fire. Lasserre acknowledged that Shell left the method, details, and supervision of the work to him. Lasserre stated, in turn, that he left all such decisions to Gilmore.
Gilmore hired White to assist him. The work began on August 18th and, within one day, Gilmore and White cut and removed one of the three tanks without incident. On the second day, August 19th, Gilmore and White began working on the second tank. They chose a different method than that used the day before and cut off the top of the tank first. Following a break, White resumed cutting the tank alone. When White cut too much of the circumference, the concrete portion of the tank fell on top of him and killed him.
Plaintiffs, Florence Wilkins White, Larry Joe White, Willie Mae White Holcomb, Willie Earl White, and Jackie Denise White, White’s surviving children, |4filed this negligence action against Shell, Steve’s Welding, and Lasserre. Shell filed a motion for summary judgment arguing that it owed no duty to White because Lasserre was an independent contractor for whom they were not responsible. Las-serre also filed a motion for summary judgment arguing that Gilmore was an *1210 independent contractor for whom he was not responsible. Following a hearing, the trial court granted summary judgment in favor of all Defendants. It is from this judgment that Plaintiffs appeal.
In five assignments of error, Plaintiffs argue, essentially, that the trial court erred in finding that Lasserre was an independent contractor. They contend that Shell did exercise operational control over his actions. Plaintiffs also argue that the trial court erred in not finding that Shell was negligent in its hiring and monitoring Lasserre.
Shell argues, to the contrary, that the undisputed facts demonstrate that Shell owed no duty to White and, therefore, summary judgment was properly granted in its favor. Shell had a contract with Lasserre. The specific work, price, and time for performance were agreed upon. It was not an ultra hazardous activity and Shell retained no operational control over the work. Lasserre’s argument mirrors Shell’s, arguing that Gilmore was an independent contractor for whom he was not responsible.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La. App 5th Cir. 04/25/00), 761 So.2d 84, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544; Moody v. United Nat. Ins. Co., 98-287 (La.App. 5th Cir.9/29/98), 743 So.2d 680. Thus, this court must consider whether there is any genuine issue of material fact, |fiand whether the mover is entitled to judgment as a matter of law. Smith, supra; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191.
In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines, supra. All doubts should be resolved in the non-moving party’s favor. Hines, supra; Mortgage Electronic Registration Systems, Inc. v. Richard, 04-686 (La. App 5th Cir. 11/30/04), 889 So.2d 1126.
The Louisiana Supreme Court has set out guidelines for determining whether a person is an independent contractor or an employee. As a general rule, neither the owner nor the general contractor is liable for the negligence of an independent contractor who performs work for the owner or general contractor. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972). In Hickman, the Supreme Court found the following factors relevant in determining whether the relationship of principal and independent contractor exists: (1) the existence of a valid contract between the parties; (2) whether the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) whether the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and di *1211 rection of the principal, except as to the result of the services to be rendered; (4) whether there is a specific |fiprice for the overall undertaking agreed upon; and (5) whether the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Hickman, 262 So.2d at 390-91.
It is not the supervision or control which is actually exercised by the employer that is significant, but whether, from the nature of the relationship, the right to do so exists. Hickman, 262 So.2d at 391; Mack v. CDI Contractors, Inc., 99-1014, p. 7 (La.App. 5th Cir.2/29/00), 757 So.2d 93, 97.
This Court similarly found that in deciding whether a person performing work for another is an employee or an independent contractor, and, thus, whether the principal is liable for that person’s negligence, the court is to analyze the degree of independence or subserviency of the person in accordance with the following factors: “(1) the existence of a contract for the performance of a specific job, (2) payment of a fixed price for the work, (3) employment by the contractor of assistants who are under his control, and (4) the furnishing of tools and materials and the right to control the conduct of the work while in progress.” Villaronga v. Gelpi Partnership No. 3, 536 So.2d 1307 (La.App. 5th Cir.1988), writs denied, 540 So.2d 327 (La.1989).
Applying these precepts to the facts presented, we find that Shell amply supported its motion for summary judgment. Lasserre, d/b/a, Steve’s Welding, was an independent contractor for whom Shell was not hable. The record shows that these parties had an ongoing contract detailing the relationship as that of an independent contractor. In this instance, an agreement existed between Shell and Lasserre for a set price for the specific job to be performed in a specified time period. The job was of an independent nature for the removal of three tanks from the Shell Harvey Terminal, to be done according to Lasserre’s chosen method. He |7could have removed the tanks as is, or, as he decided to do, cut them up on premises and remove them in smaller pieces. Other than Shell personnel assisting in the positioning of the tanks with a Shell forklift, all laborers were to be employed by Lasserre and under his control. Shell retained no control over the daily operation of the job and, to the extent Shell employees assisted in the positioning of the tanks, it was at Lasserre’s direction. Lasserre had been hired previously to do similar work which he successfully completed. We find that Shell met its burden of proving that it owed no duty to White and did not act negligently. Therefore, we find that summary judgment was properly granted in favor of Shell.
We come to a contrary conclusion as to Lasserre. At this juncture of the case, we find that there are genuine issues of material fact that preclude summary judgment in his favor. The agreement between Lasserre and Gilmore is not altogether clear. According to Lasserre’s deposition, he was being paid for the job and Gilmore was not. Yet Gilmore went to Shell with Lasserre to review the job before Lasserre provided Shell with a bid price for its completion. While Lasserre stated that the manner of work was up to Gilmore and he did not have operational control over it, Lasserre was present at all times work was performed. He states that he was there solely as a fire watcher, *1212 but with his ongoing contract with Shell and his supervision of the job, we do not find it an undisputed fact that he had no operational control over the work. It is admitted that as fire watcher, if the torch work would have endangered the facility, he would have given advice to correct it. Moreover, since Lasserre contracted with Shell to perform the work of removing the three tanks, the work being performed was part of his business. In hiring someone to do the work he contracted to do, the record does not conclusively establish that Lasserre had no duty to White in hiring, supervising, or instructing |Rhim. Therefore, we find that summary judgment should not have been entered in Lasserre’s favor.
Accordingly, for the foregoing reasons, we affirm the part of the judgment granting summary judgment in favor of Shell Exploration & Production Company, and Shell Offshore Inc., and reverse the part of the judgment granting summary judgment in favor of Steve’s Welding Service and Steve Lasserre. We remand the case for further proceedings consistent with the views expressed herein.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.