SUSAN M. CHEHARDY, Chief Judge.
|gOn appeal, an independent contractor challenges the trial court’s grant of summary judgment and dismissal of his suit, in favor of a property owner and her insurance company. For the following reasons, we affirm.
FACTS
On July 27, 2012, Ronald J. Darce (“Darce”) filed a petition for damages alleging that defects in the premises owned by Jaime L. Roberts (“Roberts”) and insured by ASI Lloyds (“Lloyds”), were the cause of injuries he received when he fell *174 through the floor in Roberts’ dining room. Darce was on the property at the request of Destry Hoban (“Hoban”), Roberts’ neighbor, who Roberts occasionally hired to perform repairs in her home. Hoban, in turn, enlisted Darce, who owned a truck, to help with the demolition and to haul away debris generated by the remodel.
According to the affidavits, Hoban and Darce were in the process of removing tile flooring from the dining room when they discovered that the subflooring underneath the tile was rotten. Hoban informed Kirk Dickinson (“Dickinson”), Roberts’ husband, of the defect, and the testimony is undisputed Rthat Dickinson told Hoban it was “in his hands.” Soon thereafter, Hoban instructed Darce to stand on a tile that he was having difficulty removing. Hoban then struck the tile with a maul, causing the tile to break and Darce to fall through the floor. The resultant injuries suffered by Darce form the basis of this litigation.
Roberts and Lloyds sought summary judgment on the grounds that Hoban was an independent contractor at the time of the incident and, as such, Roberts could not be held vicariously liable for the injuries sustained by Darce due to Hoban’s negligence. After reviewing the evidence submitted by the parties, the trial court found that there was no genuine issue of material fact that Hoban was an independent contractor because Roberts did not exercise any control over the manner in which Hoban performed the job of pulling up the tile floor. Accordingly, there was no basis to support a finding of vicarious liability against Roberts. It is from this decision that Darce seeks relief.
LAW AND DISCUSSION
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966; Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880, 882-83; Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 546. “A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.” Samaha, supra.
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that |4mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). “The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). La. C.C.P. art. 966(C)(2) sets forth the burden of proof in summary judgment proceedings, providing:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his- evidentiary burden of proof at trial, there is no genuine issue of material fact.
*175 Initially, the burden of producing evidence at the hearing on the motion for summary judgment is on the mover, who can ordinarily meet that burden by submitting affidavits, or by pointing out the lack of factual support for an essential element in the opponent’s case. Samaha, 977 So.2d at 883.
At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits, testimony, or discovery responses) which demonstrates he or she will be able to meet the burden at trial.... Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.

Id.

The Louisiana Supreme Court has set out guidelines for determining whether a person is an independent contractor or an employee. As a general rule, neither the owner nor the general contractor is liable for the negligence of an independent contractor who performs work for the owner or general contractor. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972). In | (jHickman, the Supreme Court found the following factors relevant in determining whether the relationship of principal and independent contractor exists:
(1) the existence of a valid contract between the parties; (2) whether the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) whether the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) whether there is a specific price for the overall undertaking agreed upon; and (5) whether the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.
Id. at 390-91. The single, most important factor to consider in deciding whether the employer-employee relationship exists for the purposes of La. C.C. art. 2320 is the right of the employer to control the work of the employee. Id.
This Court similarly found that in deciding whether a person performing work for another is an employee or an independent contractor, and, thus, whether the principal is liable for that person’s negligence, the court is to analyze the degree of independence or subserviency of the person in accordance with the following factors:
(1) the existence of a contract for the performance of a specific job, (2) payment of a fixed price for the work, (3) employment by the contractor of assistants who are under his control, and (4) the furnishing of tools and materials and the right to control the conduct of the work while in progress.
White v. Shell Exploration & Production Co., 06-677 (La.App. 5 Cir. 1/30/07), 951 So.2d 1208,1210-1211.
The uncontested facts of this case indicate that Roberts did not control and direct Hoban’s work, except as to the result of the services to be rendered. When Roberts hired Hoban for home improvement projects, Roberts gave no instructions as to how the work was to be done, when the work was to be done, or who could be enlisted to help in the completion of the project. Roberts did not supply tools.
*176 | Jn fact, when Hoban revealed the damaged subflooring to Roberts’ husband, Dickinson, he replied, “Destry [Hoban], it’s in your hands. I got too much work to do. Just be careful.” Roberts was not aware of the rotten subflooring until after the incident in question occurred. Roberts clearly had no operational control over the job, beyond general supervision.
Based on the foregoing, we And no error in the trial court’s finding that Hoban was an independent contractor, and, as a result, Roberts could not be held vicariously liable for Darce’s injuries. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.